E-FILED     10/24/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALBERTA TELECOMMUNICATIONS RESEARCH CENTRE, d/b/a TR Labs, a Canadian Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAMBUS INC., a California Corporation<br><br>Defendant. | No. C-06-02595 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS<br><br>[Docket No. 21] |

Defendant Rambus moves to dismiss plaintiff complaint for lack of subject matter jurisdiction and failure to state a claim. Alberta Telecommunications Research Centre's, doing business as TR Labs, ("Alberta") opposes the motion. The court has read the moving papers and considered the arguments of counsel. For the reasons set forth below, the court grants in part and denies in part defendant's motion to dismiss as follows: (1) Rambus's motion to dismiss count one is granted with prejudice as to the '703 patent; (2) Rambus's motion to dismiss count one is granted as to the '804 patent; (3) Rambus's motion to dismiss count two is denied as to the '703 patent and granted as to the '804 patent; (4) Rambus's motion to dismiss count three is granted; and (5) Alberta has twenty (20) days from the date of this order to amend its complaint.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS—C-06-02595 RMW
SPT

## I. BACKGROUND

Alberta is a non-profit research consortium with a principal place of business in Edmonton, Alberta, Canada and offices throughout western Canada. It alleges that it is the owner by assignment of U.S. Patent No. 5,361,277, entitled "Methods and Apparatus for Clock Distribution and for Clock Synchronization" ("the '277 patent"). Compl. ¶ 3. The '277 patent issued on November 1, 1994 and purports to claim a priority date from a Canadian patent application filed April 27, 1988. *Id.* ¶ 5. The named inventor on the '277 patent is Dr. Wayne Grover, Alberta's Chief Scientist in Network Systems Research. *Id.* ¶ 4. According to the complaint, Dr. Grover "had conceived of the invention of the ['277 patent] by at least May 1987, and had reduced that invention to practice by July 1987." *Id.* ¶ 7. Alberta alleges that the '277 patent is cited as prior art in thirty-three of Rambus's patents. *Id.* ¶ 6.

Rambus is a "pure-play licensing company" and derives its revenues by licensing its technologies to others. *Id.* ¶ 24. According to the complaint, Rambus has entered into license agreements for its patented technology with a number of integrated circuit chip manufacturers worldwide. *Id.* ¶ 32. The complaint alleges, *inter alia*, that Rambus infringes by making available know-how and other technical assistance, such as a validation program performed at third party laboratories, to its licensees. *Id.* ¶ 15. Rambus owns by assignment U.S. Patent No. 5,243,703, entitled "Apparatus for Synchronously Generating Clock Signals in a Data Processing System" ("the '703 patent"). *Id.* ¶ 17. The '703 patent issued on September 7, 1993 and claims a priority date of April 18, 1990. *Id.* Alberta alleges that the named inventors of Rambus's '703 patent, Drs. Farmwald and Horowitz, "did not have a complete set of ideas for addressing the problems allegedly solved by the subject matter of the [April 1990 patent application] until early 1990." *Id.* ¶ 23.

Alberta alleges that the '703 patent is part of the portfolio from which Rambus derives its royalty income. *Id.* ¶ 30. Alberta also alleges that Rambus's licensing portfolio also includes U.S. Patent No. 5,954,804 ("the '804 patent"). *Id.* ¶ 31.

The complaint alleges three causes of action. In Count I, Alberta claims an action for interference under 35 U.S.C. § 291 between claims in Rambus's '703 patent and Alberta's '277 patent and between claims in Rambus's '804 patent and Alberta's '277 patent. The complaint sets forth a

tabular comparison of claims in Rambus's '703 patent and claim one of Alberta's '277 patent, which Alberta alleges demonstrate how claim one of its '277 patent anticipates or renders obvious the listed claims of Rambus's '703 patent, and vice versa. *Id.* ¶ 37. In Count II, Alberta asserts willful patent infringement based on Rambus's licensing of its technology and provision of know-how and other technical assistance in connection with its licensing activities. *Id.* ¶ 42. The complaint sets forth a tabular presentation of certain claim limitations in Alberta's '277 patent compared against a purported description of "Rambus Operations" apparently based on various Rambus documents and patents. *Id.* ¶ 41. In Count III, Alberta claims unjust enrichment based on the revenues Rambus has derived from licensing the '703 and '804 patents because it contends those patents interfere with the more senior '277 patent. *Id.* ¶¶ 46-48.

## II. ANALYSIS

### A.  Interference Under 35 U.S.C. § 291

#### 1.  Rambus's '703 Patent

Rambus asserts that the court lacks subject matter jurisdiction over a section 291 claim as to the '703 patent and that Alberta lacks standing to bring the claim. Specifically, Rambus argues that Alberta has not and cannot allege any interference-in-fact since Rambus's '703 patent has expired.

Section 291 "is solely the basis for an action to eliminate interference between patents." *Albert v. Kevex Corp.*, 729 F.2d 757, 761 (Fed. Cir. 1984). A district court does not have jurisdiction under § 291 unless interference is established. *Id.* at 760-61; *see also Medichem, S.A. v. Rolabo, S.L.*, 353 F.3d 928, 930 (Fed. Cir. 2003) (Section 291 "provides a cause of action to one patent owner against another patent owner where the inventions claimed by their respective patents interfere with one another.").[1] In *Albert*, the plaintiff filed suit under § 291, asserting that defendant's patent interfered with plaintiff's patent. 729 F.2d at 760. The defendant subsequently

---

[1] Section 291 provides in full:

> The owner of an interfering patent may have relief against the owner of another by civil action, and the court may adjudge the question of the validity of any of the interfering patents, in whole or in part. The provisions of the second paragraph of section 146 of this title shall apply to actions brought under this section.

35 U.S.C. § 291.

disclaimed under 35 U.S.C. § 253 and 37 C.F.R. § 1.321 all allegedly interfering claims of its patent. *Id.* at 760. The Federal Circuit held that this disclaimer rendered moot the interfering patent suit and deprived the court of subject-matter jurisdiction to pass on the validity of one of the patents originally alleged to interfere. *Id.* Judge Giles Rich, writing for the panel, stated:

> Under any construction of § 291, it is impossible to conceive how it could be any clearer that interference between patents is a sine qua non of an action under § 291. Absent interference, a court has no power *under § 291* to adjudicate the validity of any patent. We hold that the court has no jurisdiction under § 291 unless interference is established. Mere citation of that statute or recitation in a pleading as a basis for suit is not enough.

*Id.* at 760-61 (emphasis in original).

Alberta's arguments in opposition are unpersuasive. Alberta argues that an expired patent may still be the subject of an interference action under § 291. However, Alberta has not shown that "interference does in fact exist" with the expired '703 patent. *See id.* at 760-61 ("When challenged, the pleader must establish that interference does in fact exist."). Here, Alberta's complaint relies in part on its allegation that Rambus's '703 patent "is part of the portfolio from which Rambus derives its royalty income." Compl. ¶ 30. However, Alberta does not now dispute that the '703 patent has expired. Although the *Albert* case involved claims that were disclaimed by the patent holder, the reasoning in *Albert* nevertheless supports that expiration of the alleged interfering patent likewise moots the claim of interference. Given the stringent requirement of an interference "in fact" from *Albert*, the court concludes that an expired patent cannot form the basis of an interference under § 291. *See also Engler v. Gen'l Elec. Co.*, 144 F.2d 191 (2d Cir. 1944) (observing that under 35 U.S.C. § 66, a prior version of section 291, "the owner of an expired patent cannot maintain [an interference] suit since the claims of an expired patent are no longer of any force or effect and cannot be interference with those of any other patent"); *Regents of University of California v. Eli Lilly & Co.*, 777 F. Supp. 779, 782 (N.D. Cal. 1991) (Jensen, J.) ("An action under section 291 is only possible if two or more parties are claiming the same or substantially the same subject matter."). As this means there is no live controversy regarding the interference of the '277 and '703 patents, *Albert* mandates dismissal of Alberta's § 291 action as to Rambus's '703 patent for lack of subject matter jurisdiction.

Alberta attempts to distinguish the present action on the grounds that (1) Rambus purposely allowed the '703 patent to expire after Alberta put Rambus on notice of its interference claim[2], and (2) "the remedy sought by [Alberta] in this case is the assignment of the claims of the '703 patent and disgorgement of Rambus'[s] licensing royalties, as opposed to a declaration that such claims are invalid." Alberta's Opp. at 2:8-19. The allegation that Rambus purposefully permitted its patent to lapse does not change the jurisdictional analysis under § 291. In *Albert*, the Federal Circuit noted that "[a] claim under § 291, however, depends so completely on the existence of interference that lack of it, *whenever it becomes apparent*, must be deemed fatal to jurisdiction." *Id.* at 762 n.4 (emphasis added). In addition, Judge Rich emphasized that § 291 was not a vehicle for determining patent validity outside of the context of an actual case or controversy. *Id.* at 761. An argument that the remedy sought is assignment of the interfering claims rather than a declaration of invalidity does not save a claim for which subject matter jurisdiction is lacking.[3]

**2.     Rambus's '804 Patent**

Rambus argues that Alberta's allegations of interference by the Rambus '804 patent are insufficient because the complaint makes "passing reference only" to the '804 patent. The complaint alleges: (1) "Third-party intellectual property analyses have shown the similarities between the subject matter of the [Alberta] . . . patents on the one hand, and the subject matter of the Rambus '703 and '804 patents, on the other hand," compl. ¶ 35; (2) "In a similar fashion to the Rambus '703 patent, claim 1 of the [Alberta] patent anticipates and/or renders obvious the claims of the Rambus '804 patent, and *vice versa*. As such, there is an interference-in-fact between those claims as well," *id.* ¶ 38; and (3) Rambus's licensing portfolio also includes the '804 patent, *id.* ¶ 31. Alberta's allegations are too conclusory and vague to plead a cause of action under § 291. "Without first

---

[2] The parties do not dispute that the '703 patent expired because of failure to pay the maintenance fees. *See* Rambus's Mot. Dismiss at 5:16-17; Alberta's Opp. at 2:9-12.

[3] In so concluding, the court does not take a position on whether a request for assignment to the complaining party of the alleged interfering claims is a proper remedy under § 291. Alberta argues that if it secures the assignment of the lapsed Rambus claims, it can later revive those claims pursuant to 35 U.S.C. § 41(c). The court notes that this argument does not support a conclusion that interference-in-fact is established or that jurisdiction under § 291 otherwise exists. In particular, Rambus's argument that assignment would be pointless since the premise of interference is that the plaintiff already possesses the allegedly interfering claims is well taken.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS—C-06-02595 RMW SPT
5

identifying an interference-in-fact under the two-way test, a court has no jurisdiction to make a priority determination between two patents under § 291." *Medichem*, 353 F.3d at 932.  "An interference-in-fact exists when at least one claim of a party that is designated to correspond to a count and at least one claim of an opponent that is designated to correspond to the count define *the same patentable invention*." *Id.* at 932 (emphasis in original) (quoting 37 C.F.R. § 1.601(j)).  The conclusory allegations in the complaint are insufficient to show that an interference-in-fact exists between any particular claim in the '277 patent and any particular claim in the '804 patent.

### B. Patent Infringement

Rambus first argues that mere licensing of its patents cannot constitute direct infringement[4] because (1) a patent grants the right to exclude other from making, using, or selling the patented invention, but does not confer the right to practice the claimed invention, and (2) licenses are considered nothing more than the licensor's promise not to sue the licensee.  Therefore, Rambus argues, its licenses do not infringe because they do not confer an affirmative right to practice the subject matter licensed.  In opposition, Alberta concedes that there is no case law supporting the proposition that the mere licensing of a patent can be the basis of an infringement claim, but argues that it nevertheless states a patent infringement claim under a broad interpretation of the term "use" under 35 U.S.C. § 271(a).  The court need not reach this issue in the present motion to dismiss.  As discussed below, because Alberta has also alleged that Rambus does more than merely license patents, the court finds that Alberta has otherwise stated a claim for patent infringement.  *See Kumar v. Ovonic Battery Co., Inc.*, 351 F.3d 1364, 1372 (Fed. Cir. 2003) (choosing not to decide the issue of whether mere licensing constitutes direct infringement because "Kumar also argues that Ovonic is liable for infringement because it did more than merely license patents").

Here, Alberta also argues that it has alleged patent infringement based on both Rambus's indirect infringement (including inducing infringement), activities such as product testing by Rambus, and other non-licensing products and services allegedly offered along with Rambus's

---

[4] Rambus clarifies in its reply brief that, as to the patent infringement claim, "Rambus is not moving to dismiss the claim for inducing infringement of the '703 patent." Rambus's Reply 11:8-10. Rather, Rambus contends "to the extent Alberta is arguing that the act of licensing of a patent or patents itself can constitute a form of infringement, Alberta has failed to state a claim for infringement and that aspect of its allegations should be dismissed." *Id.* at 11:12-15.

1  licenses. Alberta's complaint alleges, *inter alia,* (1) that aspects of Rambus's technology and
2  operations, including claims in the '703 patent, infringe upon specific claims of the '277 patent, (2)
3  that Rambus's licensing of this described subject matter, and the accompanying know-how and other
4  activities, directly and indirectly infringed claims of the '277 patent, and (3) that Intel has used the
5  licensed Rambus technology to infringe the claims of the '277 patent. Alberta's allegations
6  regarding Rambus's '804 patent are limited and conclusory. These allegations, even if accepted as
7  true and viewed in the light most favorable to plaintiff, are too vague to adequately state a claim that
8  Rambus's '804 patent infringes the '277 patent. As to the '703 patent, the court notes that the
9  complaint's comparison of aspects of Rambus's technology and operations to claims of the '277
10 patent does not clearly identify what aspect of the described technology Rambus allegedly makes,
11 uses, offers to sell, or sells. Nevertheless, the court finds that Alberta's allegations as to the '703
12 patent are sufficient to meet the pleading requirements of Rule 8 in stating a claim of patent
13 infringement.

14     **C.**    **Unjust Enrichment**

15 Alberta's unjust enrichment claim is premised on its assertion that Rambus's '703 and '804
16 patents interfere with the '277 patent. As noted above, the complaint has not sufficiently pled such
17 interference. Accordingly, Rambus's motion is granted as to Alberta's unjust enrichment claim.

18     **D.**    **Leave to Amend**

19 Leave to amend is to be freely granted when justice so requires. *See* Fed. R. Civ. P. 15(a).
20 Fed. R. Civ. P. 15(a)'s edict that "leave shall be freely given when justice so requires" is "to be
21 applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th
22 Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)
23 (citations omitted)). Absent prejudice or a strong showing of undue delay, bad faith, dilatory
24 motive, repeated failure to cure deficiencies by amendment, or futility of amendment, "there exists a
25 presumption under Rule 15(a) in favor of granting leave to amend." *Id.* at 1052.

26 Rambus argues that leave to amend count one should not be granted as to the '804 patent
27 because a review of the claims in the patent makes clear that the '804 patent does not interfere with
28 Alberta's '277 patent. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS—C-06-02595 RMW
SPT     7

claims asserted in the complaint. Dismissal can be based on the "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). A court must not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). As noted above, the court dismisses the claim because it finds that the complaint does not set forth sufficient allegations to establish interference-in-fact as between the '804 and '277 patents. However, the court cannot conclude at this point that amendment would be futile.

### III. ORDER

For the foregoing reasons, the court grants Rambus's motion in part and denies it in part as follows:

1. Rambus's motion to dismiss count one is granted with prejudice as to the '703 patent;
2. Rambus's motion to dismiss count one is granted as to the '804 patent;
3. Rambus's motion to dismiss count two is denied as to the '703 patent and granted as to the '804 patent;
4. Rambus's motion to dismiss count three is granted; and
5. Alberta has twenty (20) days from the date of this order to amend its complaint.

DATED:     10/23/06

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Bernard Hon-Wei Chao
bchao@chsblaw.com

George C. Summerfield
gstadlaw@aol.com stadlaw@aol.com

Hugh McCoy Fain
Spotts Fain PC
P.O. Box 1555
Richmond, VA 23218-1555

**Counsel for Defendant:**

Saxon S. Noh            snoh@dbllp.com

Jeannine Y. Sano        jsano@dbllp.com

Thomas E. Anderson
Hunton & Williams
1900 K Street NW
Washington, DC 20006-1109

Benjamin Lucas Hatch
Hunton & Williams LLP
Riverfron Plaza - East Tower
951 E. Byrd Street
Richmond, VA 23219

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    10/24/06                             SPT
                                          **Chambers of Judge Whyte**