E-FILED     8/10/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALBERTA TELECOMMUNICATIONS RESEARCH CENTRE, d/b/a TR Labs, a Canadian Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAMBUS INC., a California Corporation<br><br>Defendant. | No. C-06-02595 RMW<br><br>ORDER DENYING RAMBUS'S MOTION TO DISMISS FIRST AMENDED COMPLAINT<br><br>[Docket No. 42] |

    Defendant Rambus moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim. Alberta Telecommunications Research Centre, doing business as TR Labs, ("Alberta") opposes the motion. The court has read the moving papers and considered the arguments of counsel. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

    Alberta's First Amended Complaint ("FAC") makes essentially the same factual allegations as its original complaint, but Alberta does attach an analysis in support of its allegations that Rambus's U.S. Patent No. 5,954,804 ("the '804 patent") interferes with Alberta's U.S. Patent No. 5,361,277, entitled "Methods and Apparatus for Clock Distribution and for Clock Synchronization" ("the '277 patent"). *See* FAC ¶ 38, Ex. A. Alberta also attaches to its amended complaint its

analysis in support of its allegations that Rambus's licensing and other uses of the '804 patent infringe claim 1 of the '277 patent. *See id.* ¶¶ 40-42, Ex. B.

The amended complaint alleges, *inter alia*, that Rambus infringes by making available know-how and other technical assistance, such as a validation program performed at third party laboratories, to its licensees. *Id.* ¶ 16. Rambus also owns by assignment U.S. Patent No. 5,243,703, entitled "Apparatus for Synchronously Generating Clock Signals in a Data Processing System" ("the '703 patent"). *Id.* ¶ 18. Alberta alleges that the '703 patent is part of the portfolio from which Rambus derives its royalty income. *Id.* ¶ 31. Alberta alleges that Rambus's licensing portfolio also includes the '804 patent. *Id.* ¶ 32.

The amended complaint alleges three causes of action. In Count I, Alberta claims an action for interfering patents under 35 U.S.C. § 291 between claims in Rambus's '804 patent and Alberta's '277 patent. *Id.* ¶¶ 37-38. In Count II, Alberta asserts willful patent infringement of its '277 patent by the licensing by Rambus of its technology and by its providing of know-how and other technical assistance in connection with its licensing activities. *Id.* ¶ 41. In Count III, Alberta claims unjust enrichment based on the revenues Rambus has derived from licensing the '804 patent because it contends the invention of the '804 license belongs in actuality to Alberta. *Id.* ¶¶ 44-47.

## II. ANALYSIS

### A.   Interference Under 35 U.S.C. § 291

Rambus moves to dismiss Alberta's Count I alleging that claims 1, 6, 7, 9, 15, and 19 of Rambus's '804 patent interfere with claim 1 of Alberta's '277 patent on the basis that there is, in fact, no interference and hence there is a lack of subject matter jurisdiction. Section 291 "is solely the basis for an action to eliminate interference between patents." *Albert v. Kevex Corp.*, 729 F.2d 757, 761 (Fed. Cir. 1984).[1]  "Two or more patents 'interfere'—a term of art in patent law—when they

---

[1]   Section 291 provides in full:

The owner of an interfering patent may have relief against the owner of another by civil action, and the court may adjudge the question of the validity of any of the interfering patents, in whole or in part. The provisions of the second paragraph of section 146 of this title shall apply to actions brought under this section.

35 U.S.C. § 291.

1  claim the same subject matter." *Id.* at 758 n.1.  In determining whether two patents claim the same
2  subject matter, a court compares the alleged interfering claims, not the disclosures in the patent
3  specifications.  *Advance Transformer Co. v. Levinson*, 837 F.2d 1081, 1083 (Fed. Cir. 1988)
4  (disapproved of on other grounds by *Cardinal Chem. Co. v. Morton Intern'l, Inc.*, 508 U.S. 83, 92
5  n.12 (1993)).

6        The parties first dispute whether consideration of the disclosures in the '277 specification are
7  appropriate in an analysis of interfering patents under § 291.  Rambus argues that Alberta's
8  references to disclosures in the patent specification for the '277 patent are irrelevant to the
9  determination of interference.  Alberta's contention is not entirely clear but Alberta appears to argue
10 that the specification is appropriately considered to determine whether the patents disclose the same
11 subject matter.

12       "An interference exists if the subject matter of a claim of one party would, if prior art, have
13 anticipated or rendered obvious the subject matter of a claim of the opposing party and vice versa."
14 37 C.F.R. § 41.203(a).

15       Rambus relies on *Advance Transformer* and *Slip Track Systems, Inc. v. Metal-Lite, Inc.*, 304
16 F.3d 1256, 1265 (2002) to support its contention that a determination of whether two patents
17 interfere must be made based on a comparison of the claims and, therefore, the specifications of the
18 patents are irrelevant.  The cases do contain language to that effect.  *Slip Track,* 304 F.3d at 1265;
19 *Advance Transformer*, 837 F.2d at 1083.  However, Rambus quotes the language out of context.  In
20 *Advance Transformer*, the Federal Circuit merely held in relevant part that it is necessary "to
21 compare claims, not disclosures, when comparing issued patents under section 291" and that "[i]t
22 was not the district court's responsibility to determine, from the respective specifications, whether
23 interfering claims could have been granted in each patent."  *Id.* at 1083-84.  However, the court also
24 suggested that consideration of disclosures in the specifications as a guide to determining whether
25 the claimed subject matter is the same is proper.  *See id.* at 1084 ("As a guide to determining
26 whether the claimed subject matter is the same, the district court did not err in determining whether
27 the claims 'cross-read' on the disclosure of the other's patent, and thus whether each patentee could
28 have made, based on his own disclosure, the claims that were granted to the other.").

1   Although the Federal Circuit reiterated in *Slip Track*, 304 F.3d at 1265, that a determination of interfering patents is to be made based on a comparison of the claims, in *Slip Track* there was no dispute that the patents interfered. *Id.* at 1264. Rather, the parties disputed whether the definition of the interfering subject matter should include the limitation of a mounted wallboard which was a claim limitation in Metal-Lite's patent claim, but not in Slip Track's patent claims. *Id.* at 1260, 1265. Slip Track's patent specification disclosed a wallboard. *Id.* at 1261, 1265. The court cited *Advance Transformer's* holding that "the specification is not relevant to the determination of an interference" and held that the wallboard limitation was not part of the common subject matter of the claims of the parties' patents. *Id.* at 1265. Applying *Advance Transformer*, the court reasoned that even though Slip Track's patent specification disclosed a wallboard and a wallboard was a claim limitation in the admittedly interfering Metal-Lite claim, "the wallboard cannot be an element of the interfering subject matter." *Id.*

Neither *Advance Transformer* nor *Slip Track* precludes the analysis that the court understands Alberta to be making. Alberta contends that a comparison of the claims of its '277 patent and Rambus's '804 shows that some of the claim limitations of claims 1, 6, 7, 9, 15 and 19 of the '804 patent are found in the '277 patent. Those that are not found are contained in the prior art, namely the cited Weymouth patent and the disclosure in the specification of the '277 patent, and the combination of the '277 patent claim limitations and the prior art renders the '804 patent obvious.

The critical question, therefore, is whether Alberta has sufficiently alleged that the combination of the limitations of the '277 and the disclosure in the Weymouth patent and the '277 specification rendered obvious the subject matter of the limitations of claims 1, 6, 7, 9, 15 and 19 of the Rambus '804 patent and vice versa. Alberta bears the burden of establishing an interference in fact between the alleged interfering claims. *See Albert*, 729 F.2d at 760-61 ("When challenged, the pleader must establish that interference does in fact exist."). Absent a showing of interference, the court has no subject matter jurisdiction over plaintiff's § 291 claim.

In its amended complaint, Alberta alleges:

> Claim 1 of the TR Labs '277 patent renders obvious claims 1, 6, 7, 9, 15 and 19 of the Rambus '804 patent, and *vice versa*. As such, there is an interference-in-fact between those claims. The charts attached hereto as Exhibit A, comparing claim 1

ORDER DENYING RAMBUS'S MOTION TO DISMISS FIRST AMENDED COMPLAINT—C-06-02595 RMW
SPT                                              4

of the TR Labs '277 patent to claims 1, 6, 7, 9, 15 & 19 of the Rambus '804 patent, evidence the nature of that interference.

FAC ¶ 38. Exhibit A to Alberta's first amended complaint appears to color coordinate the limitations of claim 1 of the '277 patent and the disclosures of the specification of the '277 patent and the Weymouth patent with the corresponding limitations of the allegedly interfering claims of the '804 patent. The exhibit also purports to show that all the limitations of the allegedly interfering claims of the '804 patent are found in the '277 patent obviousness combination. Unfortunately, Alberta does not provide any specific analysis explaining how the language color coded with a specific color in claim 1 of the '277 patent claim describes the same limitation in the relevant claims of the '804 patent highlighted in the same color. Nevertheless, Alberta's pleading is sufficient for pleading purposes.

Rambus has been given notice of where the limitations of its '804 patent are purportedly found in the alleged obvious combination of the '277 patent and the prior art and vice-versa. The court cannot conclude based upon the pleadings alone whether Alberta's interference claim has any merit. Resolution of the issue requires a further understanding of the technology, the state of the art at the relevant time and the level of ordinary skill in the art at that time.

### B.     Patent Infringement

In its October 24, 2006 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss ("October 24, 2006 Order"), the court held that Alberta adequately stated a claim of patent infringement based on Rambus's activities such as product testing and use of other non-licensing products and services offered along with Rambus's licenses and indirect infringement resulting from Intel's use of licensed Rambus technology. However, the court found that Alberta only made passing reference to the '804 patent in its original complaint and, therefore, its patent infringement allegations regarding the '804 patent were too vague and conclusory to state a claim. Further, one infringes a patent by its products or services, not by acquiring a patent.

Alberta's patent infringement claim is now clear that it only claims direct infringement of Alberta's '277 patent by "Rambus products" (¶ 40 and Exhibit B) and direct and indirect infringement by licensing with "accompanying know-how, as well as other activities" (¶ 20). Although not a model of pleading, Count II adequately alleges infringement. *See Kumar v. Ovonic*

*Battery Co., Inc.*, 351 F.3d 1364, 1373 (Fed. Cir. 2003) (affirming district court's denial of summary judgment of non-infringement because plaintiff alleged that defendant "experimented extensively with the '686 patent's alloys and profited from it; that [defendant] suppl[ied] their licensees with infringing battery components; and that [defendant's] products most likely contain [infringing alloys] as well") (citation and internal quotation marks omitted).  The court concludes they are sufficient under the pleading requirements of Rule 8.

### C. Unjust Enrichment

The court previously granted Rambus's motion to dismiss Alberta's unjust enrichment claim with leave to amend because the court concluded the claim "is premised on its assertion that Rambus's '703 and '804 patents interfere with the '277 patent" and Alberta failed to establish interference.  Oct. 24, 2006 Order at 7:14-17.  In its amended complaint, Alberta alleges (1) "Rambus has licensed its '804 patent, the invention of which belongs in actuality to TR Labs," FAC ¶ 45; (2) "In licensing its '804 patent, Rambus has derived a benefit from TR Labs, *i.e.*, revenue from licensing patented technology that actually belongs to TR Labs," *id.* ¶ 46; and (3) "It would be unjust for Rambus to retain the revenues it has derived from licensing its '804 patent," *id.* ¶ 47.  Since Alberta's pleadings now sufficiently allege that the '804 patent interferes with the '277 patent, its unjust enrichment claim may proceed.

### III. ORDER

For the foregoing reasons, the court denies Rambus's motion to dismiss.

DATED:     8/10/07                                       *Ronald M Whyte*
                                                          RONALD M. WHYTE
                                                          United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Bernard Hon-Wei Chao         bchao@chsblaw.com
George C. Summerfield        gstadlaw@aol.com stadlaw@aol.com

Hugh McCoy Fain
Spotts Fain PC
P.O. Box 1555
Richmond, VA 23218-1555

**Counsel for Defendant:**

Thomas E. Anderson
Hunton & Williams
1900 K Street NW
Washington, DC 20006-1109

Benjamin Lucas Hatch
Hunton & Williams LLP
Riverfron Plaza - East Tower
951 E. Byrd Street
Richmond, VA 23219

Jeannine Yoo Sano         sanoj@howrey.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     8/10/07                              SPT
                                          **Chambers of Judge Whyte**